**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

JAMES K. WALKER,

      PLAINTIFF,

  VS.                                                                                  CASE NO. 18-3042-SAC

TINA KASPAR, ET AL.,

      DEFENDANTS.

**NOTICE AND ORDER TO SHOW CAUSE**

This pro se civil rights action was filed pursuant to 42 U.S.C. § 1983 by a prisoner currently confined at El Dorado Correctional Facility in El Dorado, Kansas. Plaintiff proceeds in forma pauperis. His largely unintelligible 27-page complaint alleges that various constitutional violations, apparently related to plaintiff's Jewish faith, occurred during his pre-trial confinement at the Sedgwick County Adult Detention Facility (SCADF) in Wichita, Kansas. He sues ten SCADF employees: Tina Gilmore Kasper, Lt. Taylor, Jeff Easter, Sgt. Abbett, Cpl. Showlander, (fnu) Craft, (fnu) Harvey, (fnu) Padoc, Jeff Roberts, and (fnu) Santos, and seeks as relief indemnification, injunction, official capacity damages of $250,000, individual capacity damages of $80,000, compensatory damages of $350,000, punitive damages of $80,000, costs, and any additional relief deemed just and proper.

    **I.**      **Allegations in the Complaint**

Plaintiff sets out some factual allegations in a section of the complaint entitled "grievance process" but it is unclear whether the interactions plaintiff describes occurred in writing or orally or informally or through a formal grievance process. Plaintiff alleges that on February 7, 2018, he asked to be included in various religious sessions including morning "Christian Callouts with Charles", men's indepth, Christianity 101 on Wednesday and Thursday mornings, to participate in

1

services on Mondays and Tuesdays, and to continue participating on Wednesday afternoons and evenings, "even thou [sic] voluntree's [sic] never show." On February 8, Chaplain Kaspar denied the request because of plaintiff's history of signing up for services and then not attending. On February 9, plaintiff demanded his "constitutional rights to go to services on Wednesday and Thursday mornings with everyone else, and all services." On February 12, Chaplain Kaspar notified plaintiff that he would be added to list to attend 1:00 p.m. services on Tuesday and Wednesday. On February 13, he attempted to attend the Tuesday service but he was told his name was not on the list. He complained to Chaplain Kaspar, and told her that he still wanted to attend Wednesday and Thursday morning sessions, and to go to other services on Monday through Friday. Chaplain Kaspar then directed plaintiff to send his kite and grievance to Lt. Taylor.

In an entry dated February 14, 2018, in what appears to be another communication to Chaplain Kaspar, plaintiff recounts various problems he has had with Lt. Taylor over plaintiff's religion, and restates his complaint that he was not on the list for the 1 p.m. Tuesday service.

On February 16, plaintiff alleges he had a conversation with Lt. Taylor about his request to attend services. During the conversation, Lt. Taylor allegedly told plaintiff to stop complaining to the chaplain, that the list to attend morning services is long, and that plaintiff will continue to be allowed to attend Wednesday afternoon and evening services. Plaintiff then alleges Lt. Taylor asked him whether he "erase[d] those grievances like I said", to which plaintiff responded "yes."

In a separate portion of the complaint entitled "closing", plaintiff sets out additional conclusory allegations that the defendants violated plaintiff's 1st, 4th, 5th, 8th, 11th, and 14th Amendment rights during his incarceration from August 13, 2015, through the date of the complaint until he petitioned with grievances and had a long talk with Chaplain Lewis. He alleges that defendants took plaintiff's religious books during a shake down and would not allow plaintiff

2

to have them back. He further alleges that he was continuously locked down because of his Messianic customs, that he and his cell were regularly searched, that he was threatened with D.D. weekly, that he was defamed, harassed, punished, yelled at, and allowed outside only once per year; that he experienced "forced nudity", had cold air blown on him, had no contact with his family, and had bright lights and strobe lights shined in his eyes.

Plaintiff alleges that he used the prisoner grievance system between February 7, 2018 and February 17, 2018, but that Lt. Taylor told him to erase and stop communicating with the chaplain. He alleges that twice – in September of 2017 and February of 2018 - he used the grievance procedure "all the way to the cpt." but that he never heard back.

## II.    Screening Under 28 U.S.C. § 1915A

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b) (1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th

Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the

line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

### III.     Analysis

#### A.  Exhaustion of Administrative Remedies

Having considered plaintiff's allegations, the court finds that his complaint is subject to dismissal because it appears that he has not exhausted his administrative remedies. Under 42 U.S.C. § 1997e(a), "a prisoner must exhaust his administrative remedies prior to filing a lawsuit regarding prison conditions in federal court." *Id.* This exhaustion requirement "is mandatory, and the district court [is] not authorized to dispense with it." *Beaudry v. Corrections Corp. of Am.*, 331 F.3d 1164, 1167 n. 5 (10th Cir. 2003), cert. denied, 540 U.S. 1118 (2004); *Little v. Jones*, 607 F.3d 1245, 1249 (10th Cir. 2010).  The court may dismiss sua sponte a prisoner complaint when it is clear on the face of the complaint that the prisoner has not exhausted administrative remedies. *See Aquilar–Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007). Finally, an "inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under the PLRA for failure to exhaust his administrative remedies." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002).

Based on the allegations in the complaint, plaintiff appears to have begun – but not finished – the grievance procedure with respect to his request in February 2018 to attend various religious services. While plaintiff alleges that he used the grievance procedure "all the way to the cpt" but

5

did not hear back, he also alleges that he "erased" or withdrew the grievance regarding his requests in early February to attend religious services. That same day, he signed and dated his complaint, which he filed with the court six days later. However dissatisfied plaintiff was with the response to his grievance, he cannot circumvent the exhaustion requirement by abandoning the grievance process and simply filing suit in federal court.

Additionally, the bare statement that plaintiff twice used the grievance process "all the way to the cpt" is insufficient to show that exhausted administrative remedies with respect to his remaining allegations. And, plaintiff suggests that he used the grievance process fruitfully. Accordingly, the court finds that plaintiff has not alleged exhaustion of administrative remedies and that his complaint is therefore subject to dismissal.

### B. Personal Participation

Plaintiff fails to allege how defendants Easter, Abbett, Showlander, Craft, Harvey, Padoc, Roberts, or Santos violated his constitutional rights. To allege a valid claim under § 1983, a "plaintiff must provide facts to establish each defendant's personal participation in the alleged deprivation of plaintiff's constitutional rights." *Jenkins v. Wood,* 81 F.3d 988, 994-5 (10th Cir. 1996). Accordingly, these defendants are subject to dismissal unless plaintiff can allege sufficient additional facts to show a constitutional violation.

### IV. Conclusion

For the reasons stated herein, it appears that this action is subject to dismissal in its entirety for failure to exhaust administrative remedies. Plaintiff is therefore required to show good cause why his complaint should not be dismissed for the reasons stated herein. Plaintiff is also given the opportunity to file a complete and proper Amended Complaint upon court-approved forms that cures all the deficiencies discussed herein. If he does not file an Amended Complaint within the

prescribed time that cures all the deficiencies discussed herein, this matter will be decided based upon the current deficient complaint.

**IT IS THEREFORE ORDERED BY THE COURT** that plaintiff is granted until April 23, 2018, to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why plaintiff's claims should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that until April 23, 2018, plaintiff may file a complete and proper Amended Complaint to cure all the deficiencies discussed herein.

The clerk is directed to send forms and instructions to plaintiff and to send a copy of this order to plaintiff, to the finance office at the institution where plaintiff is currently confined, and to the court's finance office.

**IT IS SO ORDERED.**

Dated this 23rd day of March, 2018, at Topeka, Kansas.

**s/Sam A. Crow**

**U. S. Senior District Judge**